UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

| | |
|---|---|
| STEPHANIE M. BOSCH | |
| Plaintiff | Civil Action No. 1:07-cv-33-JM |
| v. | Jury Trial Demanded |
| TOWN OF LOUDON | |
| Defendant | |

## COMPLAINT

NOW COMES The Plaintiff, Stephanie M. Bosch, by and through her attorney, Hugh T. Lee, and respectfully submits the within Complaint, stating as follows:

## OVERVIEW

1.  The Defendant, Town of Loudon, New Hampshire, has failed and refused to pay wages to Officer Stephanie M. Bosch, a former employee of The Defendant, for work that she performed in the course of her employment with The Town, in violation of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §§ 206 and 207.

## PARTIES

2. The Plaintiff, Officer Stephanie M. Bosch, resides at 25 Friar Tuck Road, P.O. Box 76, Canterbury, NH 03224.

3. The Defendant, Town of Loudon, is a municipality organized and existing under the laws of The State of New Hampshire, with its principal place of business at 29 South Village Road, Loudon, County of Merrimack, New Hampshire.

## JURISDICTION AND VENUE

4. Jurisdiction is proper in this Court as a Federal Question, pursuant to the provisions of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §216(b) and 28 U.S.C. §1331.

5. Venue is proper in this District pursuant to the provisions of 28 U.S.C. §1391(b)(2).

## FACTS

6. Plaintiff, Officer Stephanie M. Bosch, began working for The Defendant as a police officer on or about February 7, 2005 and resigned from said employment on or about October 2006.

7. At all relevant times, The Defendant, Town of Loudon, was an employer as defined by The Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. §203, and Plaintiff was, at all relevant times, an employee as defined by that Act.

8. No exemption from the requirements of the Fair Labor Standards Act, as Amended, would justify The Defendant's failure and refusal to pay wages to Plaintiff for all hours actually worked.

9. During her employment, for approximately a twelve-week period, Officer Bosch was required by the Defendant to attend the State Police Academy on a full-time basis and in lieu of her regular work assignments within The Town of Loudon. During this period of time Officer Bosch routinely worked in excess of 40 hours per week, but was paid by the Defendant for only forty hours per week.

10. On one or more occasions during the period of Officer Bosch's employment by the Defendant, following her completion of Police Academy Training, The Defendant failed to pay Officer Bosch straight-time and/or overtime pay for hours actually worked.

11. The Defendant required, permitted or suffered Officer Bosch to work as an employee, for which she has not been paid, either at a straight-time rate or at an overtime rate. Furthermore, Defendant has failed to maintain accurate records of the hours actually worked by Officer Bosch, during the course of her employment by the Defendant.

12. The Defendant, through its chief of police, was and is on notice that Officer Bosch worked hours for which she has not been paid, either at a straight-time and/or overtime rate.

13. Despite Defendant's knowledge that Officer Bosch worked hours for which she was not paid wages, Defendant has willfully refused to pay Officer Bosch wages to which she is legally entitled.

14. At all times during her employment by The Defendant, Officer Bosch was a non-exempt employee and as such was entitled to receive straight-time pay as well as overtime pay for all hours worked in excess of 40 hours per week.

## COUNT I

**(Violation of The Fair Labor Standards Act of 1938, as Amended - Failure to pay Straight-Time and/or Overtime Compensation)**

15. The allegations of the preceding paragraphs 1 through 14 are incorporated herein by reference.

16. In violation of The Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §§ 206 and 207, the Defendant failed and refused to pay Officer Bosch straight-time and/or overtime compensation for all hours that she was required, permitted or suffered to work.

17. The Defendant's violations of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §207, were willful.

18. The Defendant's violations of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §§ 206, 207 and 216, entitle Officer Bosch to recover unpaid straight-time and/or overtime compensation for many of the pay periods during the course of her employment by the Defendant, plus liquidated damages, her reasonable attorney's fees, interest and costs, and other damages allowed by law.

## COUNT II

### (Violation of The Fair Labor Standards Act of 1938, as Amended - Failure to Maintain Records)

19. The allegations of the preceding paragraphs 1 through 14 are incorporated herein by reference.

20. In violation of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §211, the Defendant failed to maintain accurate records of the hours worked by Officer Bosch and as a result failed to pay Officer Bosch straight-time compensation and/or overtime compensation for all hours worked as an employee of the Defendant.

21. The Defendant's violations of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §211, were willful.

22. The Defendant's violations of the Fair Labor Standards Act of 1938, as Amended, including but not limited to 29 U.S.C. §211 and §216, entitle Officer Bosch to recover unpaid wages for many of the pay periods during the course of her employment by the Defendant, plus liquidated damages, her reasonable attorney's fees, interest and costs, and other damages allowed by law.

## PRAYER FOR RELIEF

WSHEREFORE, the Plaintiff, Officer Stephanie M. Bosch, respectfully requests that this Honorable Court:

A.     Award judgment against Defendant for such amount as may be determined by a jury for unpaid wages and overtime compensation, which amount is anticipated to be in excess of $4,800, together with statutory liquidated damages in an equal amount, plus interest and costs and attorney's fees; and

B.     Grant such other and further relief as is just and equitable.

## JURY DEMAND

Plaintiff, Officer Stephanie M. Bosch, demands a trial by jury

RESPECTFULLY SUBMITTED:

Stephanie M. Bosch, Plaintiff

By her attorney:

Hugh T. Lee, Attorney at Law

Dated: February 5, 2007          By:   /s/ Hugh T. Lee

Hugh T. Lee, Esquire
NH Bar. No. 6524
22 FeaTherbed Lane
P.O. Box 830
Derry, NH 03038
Phone: (603) 396-3527
Email: HTL@comcast.net